**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CESAR GARCIA,

                              Plaintiff,

        - v -                                            Civ. No. 9:09-CV-884
                                                                    (GTS/RFT)

M. DUVALL, *et al.*,

                              Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

CESAR GARCIA
Plaintiff, *Pro Se*
112 Saratoga Avenue
B-S
Yonkers, New York 10705

HON. ERIC T. SCHNEIDERMAN              DAVID L. COCHRAN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Cesar Garcia brings this civil rights action, pursuant to 42 U.S.C. § 1983, asserting that while he was incarcerated at Cape Vincent Correctional Facility, the Defendants violated his constitutional rights when they used excessive force against him. Dkt. No. 1, Compl. On April 5, 2011, Defendants filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(b), on the basis that Plaintiff failed to fully exhaust his available administrative remedies. Dkt. No. 48. A response to that Motion was due on or before April 25, 2011. By April 28, 2011 the Court had not received any response from Plaintiff. In fact, there had been no communication from Plaintiff since February 2011, when we received discovery materials from him

along with a notice of change of address. Dkt. No. 45. In light of his *pro se* status, this Court *sua sponte* extended Plaintiff's response deadline and further warned of the consequences that could occur should he fail to respond to the Motion. Dkt. No. 49, Order, dated Apr. 28, 2011. To date, no response has been filed on Plaintiff's behalf, nor has the Court's April Order been returned to this Court as undeliverable. Having provided Plaintiff with ample opportunity to respond and ample warning of the consequences of his failure to do so, we now address Defendants' Motion on their papers alone. For the reasons explained below, we recommend **granting** Defendants' Motion and **dismissing** this entire action

## I. DISCUSSION

### A. Standard of Review

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *accord F.D.I.C. v. Giammettei,* 34 F.3d 51, 54 (2d Cir. 1994). The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). "When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of the . . . pleading, but the adverse party's response, by affidavits or as otherwise provided in [Federal Rule of Civil Procedure 56(e)], must set forth specific facts showing that there is a genuine issue for trial." *St. Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir. 2000) (quoting FED. R. CIV. P. 56(e)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment[.]" *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994) (alteration and emphasis in original) (citation omitted). However, it is well settled that on a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-moving party. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999).

Furthermore, in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (a court is to read a *pro se* party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest"). Indeed, the Second Circuit has stated that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the non-moving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995). This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment. *Showers v. Eastmond*, 2001 WL 527484, at *2 (S.D.N.Y. May 16, 2001).

Local Rule 7.1(a)(3) requires the non-movant to file a Statement of Material Facts that mirrors the movant's statement in matching numbered paragraphs and that sets forth a specific reference to the record where the material fact is alleged to arise. N.D.N.Y.L.R. 7.1(a)(3). More specifically, this Local Rule provides that "[t]he Court shall deem admitted any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." *Id*. (emphasis in original). Courts of the Northern District have adhered to a strict application of Local Rule

7.1(a)(3)'s requirement on summary judgment motions. *Giguere v. Racicot*, 2002 WL 368534, at *2 (N.D.N.Y. Mar. 1, 2002) (citing, *inter alia*, *Bundy Am. Corp. v. K-Z Rental Leasing, Inc.*, 2001 WL 237218, at *1 (N.D.N.Y. Mar. 9, 2001)).

Furthermore, this Circuit adheres to the view that nothing in Rule 56 imposes an obligation on the court to conduct a search and independent review of the record to find proof of a factual dispute. *Amnesty Am. v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002). As long as the local rules impose a requirement that parties provide specific record citations in support of their statement of material facts, the court may grant summary judgment on that basis. *Id*. at 470-71.

### B. Exhaustion of Available Administrative Remedies

Plaintiff asserts that on or about November 14, 2007, while he was incarcerated at Cape Vincent Correctional Facility, the Defendants used excessive force against him. Thereafter, on December 7, 2007, Plaintiff was transferred from Cape Vincent to Midstate Correctional Facility. Dkt. No. 48-2, David L. Cochran, Esq., Affirm., dated Apr. 5, 2011, Ex. B, NYS Dep't of Corr. Servs. R. (docketed at Dkt. No. 48-5). Defendants assert that from November 14, 2007 to the present, there is no indication that Plaintiff fully exhausted his available administrative remedies.

The Prison Litigation Reform Act of 1996 ("PLRA") imposes several restrictive conditions on the ability of prisoners to maintain federal civil rights actions. The PLRA provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court dictates that this "requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Prior to bringing

suit in federal court, a prisoner must exhaust those administrative remedies that are available to him. *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006).

Exhaustion of administrative remedies under the PLRA is an affirmative defense which must be raised by the defendants. *Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999). Once raised, the defendants bear the burden of proving that administrative remedies have not been exhausted. *Howard v. Goord*, 1999 WL 1288679, at * 3 (E.D.N.Y. Dec. 28, 1999) (citations omitted). The party opposing the affirmative defense "may delay the ultimate determination as to its validity until trial by showing that there is a genuine issue of material fact to be determined." *Id.* (citations omitted).

In New York State, the administrative remedies consist of a three-step review process. First, a grievance is submitted to the Inmate Grievance Review Committee ("IGRC"), a committee comprised of both inmates and facility employees.[1] N.Y. COMP. CODES R. & REGS. tit. 7, §§ 701.5(a) - (b). The IGRC reviews and investigates the formal complaints and then issues a written determination. *Id*. Second, if the IGRC decision is appealed, the superintendent of the facility reviews the IGRCs determination and issues a decision. *Id*. at § 701.5(c). Finally, if the superintendent's decision is appealed, the Cental Office Review Committee ("CORC") makes the final administrative determination. *Id*. at § 701.5(d). Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to § 1983 in federal court. *Reyes v. Punzal*, 206 F. Supp. 2d 431, 432 (W.D.N.Y. 2002) (citing *Sulton v. Greiner*, 2000 WL 1809284, at *3 (S.D.N.Y. Dec.11, 2000)); *Petit v. Bender*, 2000 WL 303280, at *2-3 (S.D.N.Y. Mar. 22, 2000).

Though he did not respond to the Motion, during his deposition with the aid of an interpreter,

---

[1] The IGRC is a five-member body consisting of two voting inmates, two voting staff members, and a non-voting chair (who may be an inmate, staff member or volunteer). N.Y. COMP. CODES R. & REGS tit. 7, § 701.4(a).

Garcia was questioned about his efforts to utilize the grievance system. There is no dispute that, from November 14, 2007 through December 7, 2007, while housed at Cape Vincent, Garcia did not utilize the grievance procedure outlined above. Cochran Dep., Ex. D, Pl.'s Dep., dated Sept. 9, 2010, at p. 23. Upon further questioning, Plaintiff indicated that he didn't have any "friends" at Cape Vincent so he started the grievance process when he was transferred to Midstate, but he was unclear as to how far he pursued that grievance. *See generally* Pl.'s Dep. He also indicated that he couldn't file a grievance at Cape Vincent because he didn't speak English. *Id*. at p. 26. However, it is uncontroverted that during the relevant time period, and continuing to the present, Cape Vincent provided grievance forms in English and Spanish and Inmate Grievance representatives (Inmates) were available to assist other inmates in filing grievances. Dkt. No. 48-6, Gary Dietterich Aff., dated Apr. 4, 2011, at ¶¶ 3-4. In any event, to the extent Plaintiff claims that he filed his grievance at another facility, it is uncontroverted that Plaintiff never brought such grievance to each and every level of review, as outlined above, and it is clear from the evidence submitted by the Defendants that Plaintiff has never submitted an administrative appeal to the CORC level. Dkt. No. 48-3, Jeffery Hale Aff., dated Apr. 4, 2011. Accordingly, because it is clear from the submitted, uncontroverted evidence that Plaintiff failed to fully exhaust his available administrative remedies prior to bringing this action, Defendants' Motion should be **granted** and this case should be **dismissed**.[2]

---

[2] Without the benefit of a response from Plaintiff opposing Defendants' Motion, there is no need for us to pore through the Second Circuit's three-part inquiry set forth in *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004), *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004) *Ziemba v. Wezner*, 366 F.3d 161 (2d Cir. 2004), and *Giano v. Goord*, 380 F.3d 670 (2d Cir. 2004). Even affording Plaintiff the most liberality, he could not meet such an inquiry because it is clear that 1) administrative remedies were indeed available at Cape Vincent, *see* Dieetterich Aff., and thereafter at Midstate, 2) there is no allegation that any specific Defendant, or any one individual in particular, prevented Plaintiff from filing a grievance either at Cape Vincent or any other facility, and ensuring that such grievance was appealed to the highest level, and 3) the Plaintiff has not provided the Court with, and the Court cannot think of any, special circumstances which would otherwise excuse Plaintiff's failure to comply with the dictates of the PLRA.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' unopposed Motion for Summary Judgment (Dkt. No. 48) be **GRANTED** and this entire case be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   August 12, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge