UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CESAR GARCIA,

                Plaintiff,

v.                                          9:09-CV-0884
                                               (GTS/RFT)

M. DUVALL, Corr. Officer, Cape Vincent C.F.;
BACKUS, Corr. Officer, Cape Vincent CF.;
STACEY, Corr. Officer, Cape Vincent C.F.;
LAWTON, Corr. Officer, Cape Vincent C.F.;
R. GRAVES, Corr. Sergeant, Cape Vincent C.F.;
and MEANEY, Corr. Sergeant, Cape Vincent C.F.,

                Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

CESAR GARCIA
  Plaintiff, *Pro Se*
112 Saratoga Avenue, B-S
Yonkers, New York 10705

HON. ERIC T. SCHNEIDERMAN               DAVID L. COCHRAN, ESQ.
Attorney General of the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Cesar Garcia ("Plaintiff") against the six above-named New York State correctional employees ("Defendants"), are (1) Defendants' motion for summary judgment, and (2) United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendants' motion be granted and that Plaintiff's Complaint be dismissed. (Dkt. Nos. 48, 50.) For the reasons set forth below, Magistrate Judge Treece's Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted; and Plaintiff's complaint is dismissed.

I.    RELEVANT BACKGROUND

Construed with the utmost of liberality, Plaintiff's Complaint alleges that, while he was incarcerated at Cape Vincent Correctional Facility ("Cape Vincent C.F.") in Cape Vincent, New York, on November 14, 2007, Defendants violated his rights under the Eighth Amendment of the United States Constitution by using excessive force against him. (*See generally* Dkt. No. 1.) Familiarity with the factual allegations supporting this claim is assumed in this Decision and Order, which is intended primarily for review by the parties. (*Id*. at 5.)

On April 5, 2011, Defendants filed a motion for summary judgment seeking dismissal of this action based on Plaintiff's failure to exhaust his available administrative remedies before he filed this action on August 4, 2009. (Dkt. No. 48, Attach. 9.) Despite the fact that the Court *sua sponte* extended the deadline for Plaintiff's response to Defendants' motion (out of an extension of special solicitude to him as a *pro se* civil rights litigant), Plaintiff did not submit a response to Defendants' motion. (Dkt. No. 49.) On August 12, 2011, Magistrate Judge Treece issued a Report-Recommendation recommending that Defendants' motion be granted. (Dkt. No. 50.) Familiarity with the grounds of Magistrate Judge Treece's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id*.) Plaintiff has not filed an Objection to Magistrate Judge Treece's Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

II.   APPLICABLE LEGAL STANDARDS

A.    Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must,

with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

3

that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B. Legal Standard Governing Unopposed Motions for Summary Judgment

Magistrate Judge Treece correctly recited the legal standard governing unopposed motions for summary judgment.  (Dkt. No. 50, at 2-4.)  As a result, that standard is incorporated by reference in this Decision and Order.

### III. ANALYSIS

Because Plaintiff has not filed an Objection to Magistrate Judge Treece's Report-Recommendation and the time in which to do so has expired, the Court need review the Report-

---

[4]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]  *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Recommendation for only clear error, pursuant to the standard of review recited above in Part II.A of this Decision and Order.  After doing so, the court concludes that Magistrate Judge Treece's thorough Report-Recommendation is not clearly erroneous.  (Dkt. No. 50 [Report-Recommendation].)  Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id*.)  As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.  The Court would add only that Magistrate Judge Treece's Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 50) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 48) is **GRANTED**, and that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.  The clerk is directed to enter judgment and close this case.

Dated: January 9, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge